·Katherine V. BROCK, Respondent,

v.

David G. BROCK, Appellant.

No. ED 83509.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2004.

Alan E. Freed, St. Louis, MO, for appellant.

Richard J. Eisen, St. Charles, MO, for respondent.

LAWRENCE E. MOONEY, P.J.

David Brock ("Father") sought to terminate child support for his eldest son, Matthew, on grounds that Matthew was emancipated. Father now appeals the trial court's entry of summary judgment finding Matthew to be unemancipated. However, because Father subsequently entered into a settlement agreement with Katherine Brock ("Mother") wherein both parties agreed that Matthew was unemancipated, the controversy in this case is moot. Accordingly, we dismiss the appeal.

*Factual and Procedural Background*

After 25 years of marriage, Mother and Father divorced in September of 1997. The couple had two sons, Matthew and Jacob, ages 17 and 14 respectively at the time of the divorce. In June of 1998, Matthew celebrated his 18th birthday. He had recently graduated from high school, and had plans to attend college in the fall. A month after his birthday, Matthew suffered severe injuries in a diving accident. The accident and injuries left Matthew a quadriplegic.

Three months after Matthew turned 22, Father filed for termination of child support. Father had been responsible for child-support payments pursuant to the original dissolution decree. After Matthew's accident, Mother and Father entered into a consent modification of the dissolution decree, whereby Father's child-support payments were increased, and the parties agreed to divide the cost of Matthew's daycare and medical expenses. After Matthew turned 22, however, the Father sought to terminate child support, alleging that Matthew was emancipated as a matter of law because Matthew had turned 22 years of age and had not been physically or mentally incapacitated when Matthew had turned 18.

Mother opposed termination of child support for Matthew and filed a counter-motion to modify, seeking an increase in child support. Father then filed a motion

for summary judgment on the issue of emancipation, alleging that, as a matter of law, Matthew was emancipated. Mother countered, seeking summary judgment on her motion to modify child support. A hearing was held on the motions for summary judgment, on the motion to terminate support, and on Mother's motion to modify. At the close of arguments, the court denied Father's motion for summary judgment, and granted Mother's motion for summary judgment, holding that Matthew was unemancipated. After so ruling, the trial court then announced its willingness to hear evidence as to the proper amount of child support to be paid. Rather than proceeding to an evidentiary hearing, however, the parties instead entered into settlement negotiations. The parties ultimately reached an agreement, which was reduced to a written memorandum. As specifically set forth in this memorandum, both parties agreed that Matthew was unemancipated.

Mother then brought a motion to enforce the settlement. The trial court sustained this motion, finding that the written memorandum contained the terms of the parties' agreement. The terms of the agreement were then incorporated into, and formed the basis of, the trial court's subsequent judgment setting forth the terms of modification of its prior modification judgment. Father now appeals, challenging only the trial court's entry of summary judgment finding Matthew to be unemancipated.

### Discussion

■■■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) *quoting Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999). It is well-settled that the courts in Missouri do not determine moot cases. *Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo.App. E.D.2003). Because mootness implicates the justiciability of a case, we may dismiss a case for mootness *sua sponte. Reed*, 41 S.W.3d at 473. This Court did, however, issue an order directed to the parties, requiring them to show cause why this appeal should not be dismissed as moot. Without citation to any authority, Father attempts to recast his claim of trial-court error into a question of the trial court's jurisdiction, and contends the appeal should be allowed to proceed so that this Court can make the determination whether Matthew is emancipated as a matter of law. Father's argument is without merit and his contention does not aid us in our analysis of the issue of mootness. The doctrine of mootness is triggered when an event occurs that alters the position of the parties and any judgment would be a hypothetical opinion. *Reed*, 41 S.W.3d at 473. When an event occurs that makes a court's decision unnecessary or makes granting any relief by the court impossible, then the case is rendered moot and generally should be dismissed. *Id.*

■ The controversy in this case is moot. Father solely contests the trial court's finding that Matthew was unemancipated. Yet, after this ruling, Father entered into a valid settlement agreement. The plain and unambiguous language of this agreement clearly and specifically states that Father agreed that Matthew was unemancipated. Upon the entry of judgment by the trial court, the terms of the settlement agreement went into effect and the question of the appropriateness of the summary judgment finding Matthew unemancipated became moot. *See Promotional Consultants, Inc. v. Logsdon*, 25 S.W.3d 501 (Mo.App. E.D.2000). No reservation for the right to appeal the trial court's ruling was expressed in the agree-

ment. *See Id.* Further, it is elementary that where a party to an action acquiesces in a judgment against him he thereby waives his right to have said judgment reviewed on appeal. *See Schulte v. Schulte,* 949 S.W.2d 225, 227 (Mo.App. E.D.1997). Any opinion by this Court would be purely hypothetical and unnecessary. When there is no existing controversy, we should not retain jurisdiction. Accordingly, Father's appeal is dismissed for mootness.

LAWRENCE G. CRAHAN and MARY K. HOFF, JJ., concur.