Stephanie REYNOLDS, Florence Streeter, Jacqueline Gray, and the Metropolitan St. Louis Equal Housing Opportunity Council, Inc., Respondents/Cross–Appellants,

James Zhang, Intervenor,

v.

CITY OF VALLEY PARK, Jeffrey Whitteaker, John Brust, Daniel Adams, Randy Helton, Don Carroll, Michael Pennise, Ed Walker, Steve Jake, and J. Michael White, Appellants.

No. ED 89659.

Missouri Court of Appeals, Eastern District, Division Four.

June 3, 2008.

S.W.3d at 840. Therefore, Husband's motion lacks the prerequisites of section 452.375.5(5)(a). *Id.* at 844.

Randall P. Baker, Louis J. Leonatti, Mexico, MO, and Eric Marvin Martin, Chesterfield, MO, for appellants/cross-respondents.

Kathy A. Wisniewsk, Linda M. Martinez, Anthony B. Ramirez, Karen L. Tokarz, Marie A. Kenyon, Fernando Bermudez, Jesus G. Ituarte, John F. Young, Elizabeth T. Ferrick, Susan W. McGraugh, John J. Ammann, Elizabeth C. Carver, St. Louis, for respondents/cross-appellants Florence Streeter and Stephanie Reynolds.

Anthony E. Rothert, St. Louis, Daniel J. Hurtado, Chicago, IL, for respondent Jacqueline Gray.

Alan J. Baker, St. Louis, MO, for Intervenor.

## OPINION

GEORGE W. DRAPER III, Judge.

The City of Valley Park (hereinafter, "the City") appeals from the trial court's judgment granting judgment on the pleadings in favor of Stephanie Reynolds, Florence Streeter, Jacqueline Gray, and the Metropolitan Equal Housing Opportunity Council, Inc. (hereinafter and collectively, "Plaintiffs") and declaring two of the City's ordinances void. Plaintiffs cross-appeal from the trial court's judgment denying their request for an award of attorneys' fees. We dismiss for mootness.

Plaintiffs filed this action, seeking to have two of the City's ordinances, Ordinance No. 1708 and Ordinance No. 1715, declared void and unenforceable because the penalties proscribed therein conflict with Missouri law. Plaintiffs requested a temporary, preliminary, and permanent injunction enjoining the enforcement of those ordinances. Further, Plaintiffs aver a right to attorneys' fees based upon "unusual circumstances."

The trial court issued a temporary restraining order on Ordinance No. 1708 on September 26, 2006. The City then repealed Ordinance No. 1708 on the same

day. On September 27, 2006, the trial court issued a temporary restraining order on Ordinance No. 1715. The City repealed Ordinance No. 1715 at some time prior to the trial court's March 7, 2007 hearing.

At the March 7, 2007 hearing, the trial court found Ordinance No. 1708 and Ordinance No. 1715 to be void in their entirety and made the temporary restraining orders permanent. The trial court declined to award Plaintiffs' attorneys' fees as costs pursuant to the Missouri Declaratory Judgment Act, Section 527.100 RSMo (2000). The trial court stated that in litigation against a political subdivision of the State of Missouri, attorneys' fees cannot be awarded to the prevailing party as costs. Both the City and Plaintiffs appeal from this judgment.

◼ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *Braveheart Real Estate Co. v. Peters*, 157 S.W.3d 231, 233 (Mo.App. E.D.2004)(*quoting State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001)). "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte.*" *Reed*, 41 S.W.3d at 473. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.*, 220 S.W.3d 301, 304 (Mo. banc 2007). This Court does "not decide questions of law disconnected from the granting of actual relief." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App. W.D.1998). In deciding whether a case is moot, an appellate court may consider matters outside of the record. *Precision Investments*, 220 S.W.3d at 304.

◼ While Missouri courts do not decide moot issues, a court has discretion to review a moot case in two instances. *Jenkins v. McLeod*, 231 S.W.3d 831, 833 (Mo. App. E.D.2007). The first instance is when a case becomes moot after submission and argument. *Id.* The second instance occurs "when the case presents an unsettled legal issue of public interest and importance of a recurring nature that will escape review...." *Chastain*, 968 S.W.2d at 237. "The public interest exception is very narrow ... and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, [this] exception does not apply." *Jenkins*, 231 S.W.3d at 833 (*quoting Kinsky v. Steiger*, 109 S.W.3d 194, 196 (Mo.App. E.D.2003)).

◼ We find this case is moot because the enforcement provisions of the ordinances which Plaintiffs seek this Court to review are repealed and have been substituted with new ordinances with new enforcement provisions. Any ruling this Court would make regarding the enforcement provisions of these two repealed ordinances would have no practical effect on any existing controversy. *Precision Investments*, 220 S.W.3d at 304.

◼ Accordingly, we next look to the two possible instances when this Court may exercise its discretion to review a moot case. The first possibility of the case becoming moot after submission and argument does not exist in this instance. The ordinances were repealed prior to the March 7, 2007 hearing. Hence, the controversy was not live at the time of the hearing and the City did not repeal the ordinances after argument in order to avoid review. The second possibility for this Court's discretionary review of a moot issue pursuant to the public interest exception is not applicable. Under this narrow exception, although the enforcement provi-

sions of the repealed ordinances may recur, it is clear they will not evade appellate review. *In re Dunn*, 181 S.W.3d 601, 604 (Mo.App. E.D.2006). Evident at oral argument, all parties recognize the City has issued new ordinances covering the same subject matter as Ordinance No. 1708 and Ordinance No. 1715; although, the enforcement provisions have been modified and these new ordinances are being challenged in this Court in a separate appeal. Hence, this Court declines to exercise its discretionary review of a moot issue.

Plaintiffs cross-appeal from the trial court's judgment, claiming the trial court erred in denying them attorney's fees because they successfully challenged the validity of the City's ordinances. In light of this Court's disposition of the City's direct appeal, we find no error in the trial court's denial of attorney's fees to Plaintiffs. The judgment of the trial court regarding attorney's fees is affirmed.

The appeal is dismissed and the cross-appeal is affirmed.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.