## In the Matter of the ESTATE OF David K. WASHINGTON, Decedent.[1]

### No. ED 91230.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 2009.

---

1. The Appellant in this case is the law firm of Wegmann, Stewart, Dieffenbach, Tesreau, Sherman & Eden, P.C. The Respondents are Debra Washington, Bruce King, and Western Surety Company. None of the Respondents filed briefs with this Court. Tim Washington

Wegmann, Stewart, Dieffenbach, Tesreau, Sherman and Eden, P.C., Randall D. Sherman, Hillsboro, MO, Wegmann, Gasaway, Stewart, Bianca L. Eden and Jason Louis Cordes, Co–Counsel for Appellant.

Derrick R. Good, Hillsboro, MO, for Guardian and Conservator for Tim and Karen Washington.

Stephen O. Smith and Judge Dubail, P.C., St. Louis, MO, for Respondent Western Surety Company.

## OPINION

MARY K. HOFF, Judge.

The law firm of Wegmann, Stewart, Dieffenbach, Tesreau, Sherman & Eden, P.C. (the Law Firm) appeals from the probate division of the circuit court's judgment of dismissal for lack of jurisdiction on the law firm's Notice of Attachment and Request for Order of Partial Distribution of Debra Washington's interest as an heir in the estate of David K. Washington (Decedent) for attorneys' fees Debra Washington incurred with the Law Firm. We dis-

and Karen Washington are the Guardians and Conservators of the son of David K. Washington and Debra Washington, David R. Washington, but neither of the Guardians and Conservators are parties to this case and neither filed briefs with this Court.

miss the appeal without prejudice because the issue presented to us is moot and premature given the circuit court's entry of judgment against Debra Washington in the amount of $25,940.61 for attorneys' fees she incurred with the Law Firm.

### Factual and Procedural Background

In June 2003, Decedent's wife, Debra Washington (Wife), entered into a contract with the Law Firm, pursuant to an hourly fee agreement, to represent her in the settlement of Decedent's estate. Wife was subsequently issued temporary letters of administration and named personal representative of Decedent's estate. Several months later, Wife entered into a second contract with the Law Firm, pursuant to a second hourly fee agreement, for representation in a contested guardianship case involving Wife's and Decedent's son, David R. Washington (Son). The second contract contained the following provision:

> [Wife] also agrees to reimburse [the Law Firm] for all expenses made on [Wife's] behalf. [Wife] agrees that if a balance is pending at the time of distribution of proceeds from the Estate of [Decedent], the [Law Firm] may request and [Wife] will agree that said balance be paid directly by the court to the Firm and deducted from the client's share of said estate.

The Law Firm's representation of Wife continued throughout the guardianship proceeding. When the Law Firm's representation of Wife ended, Wife allegedly owed the Law Firm a balance of $25,940.61.

In December 2006, the probate division of the circuit court entered a judgment removing Wife as personal representative of Decedent's Estate[2] and naming a suc-cessor personal representative. The probate division of the circuit court also ordered Western Surety Company, the surety Wife had secured as a condition of the issuance of her temporary letters of administration, to pay the successor personal representative $47,510, from which the outstanding fees Wife allegedly owed to the Law Firm were to be paid. In August 2007, the probate division of the circuit court entered an order setting aside that portion of the December 2006 judgment ordering the payment of "any monies to the [Law Firm], out of recovered Bond payments." The Law Firm thereafter filed a motion to set aside the August 2007 order, which was overruled.

The Law Firm subsequently filed its Notice of Attachment and Request for Order of Partial Distribution of the estate of Decedent, essentially asking the probate division of the circuit court to enter judgment against Wife for the amount she allegedly owed the Law Firm and to enter an order requiring the successor personal representative of Decedent's estate to distribute an amount equal to that amount from Decedent's estate directly to the Law Firm. At the hearing on the Law Firm's Notice of Attachment and Request for Order of Partial Distribution, the probate division of the circuit court specifically questioned the propriety of entering such a judgment against Wife given that Decedent's probate estate was not yet concluded. The probate division of the circuit court thereafter requested written briefs from the parties and took the matter under submission. In April 2008, the probate division of the circuit court entered its judgment finding that it lacked subject matter jurisdiction to order the relief

2. The probate division of the circuit court found Wife's removal as personal representative necessary because she had "failed to faithfully administer the estate and [had] failed to account for all money and property of the estate."

sought by the Law Firm. This appeal follows.

### Discussion

■ In its sole point on appeal, the Law Firm claims the probate division of the circuit court erred in failing to grant its Notice of Attachment and Request for Order of Partial Distribution on the ground that the probate division of the circuit court lacked jurisdiction over the matter. However, in light of developments in the case occurring since the filing of the Law Firm's notice of appeal, *to wit* that the law firm obtained a default judgment in the circuit court against Wife for $25,940.61, the amount of attorneys' fees she allegedly owes to the Law Firm, we find the Law Firm's claim moot and dismiss the appeal.

■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *Reynolds v. City of Valley Park,* 254 S.W.3d 264, 266 (Mo.App. E.D.2008). It is well-settled that Missouri courts do not determine moot cases. *Brock v. Brock,* 142 S.W.3d 204, 206 (Mo.App. E.D.2004). "Because mootness implicates the justiciability of a case, we may dismiss a case for mootness *sua sponte.*" *Id.*

■ The doctrine of mootness is triggered when an event occurs that renders a court's decision unnecessary or that makes the grant of effectual relief by a court impossible or that alters the position of the parties such that, if the judgment was rendered, it would not have any practical effect upon any then existing controversy and would be merely a hypothetical opinion. *In re Prye,* 169 S.W.3d 116, 120 (Mo.App. E.D.2005); *Kracman v. Ozark Elec. Co-op., Inc.,* 816 S.W.2d 688, 690 (Mo.App. S.D.1991). When a case is rendered moot by such an event, the case generally should be dismissed. *Brock,* 142 S.W.3d at 206. In determining whether a controversy is moot, this Court can look outside the record. *Kracman,* 816 S.W.2d at 690.

In this case, the controversy is moot. At oral argument, the Law Firm revealed that, after the probate division of the circuit court's entry of judgment in April 2008, the Law Firm not only filed its appeal with this Court but also sought and obtained from the circuit court a judgment against Wife for the same relief it sought from the probate court: a judgment in the amount of the attorneys' fees Wife allegedly owes to the Law Firm. Upon our request, the Law Firm filed an addition to the legal file containing a certified copy of the circuit court's judgment. We have reviewed the circuit court's judgment and, consequently, find that any ruling by this Court regarding whether the probate division of the circuit court should or should not have dismissed the matter for lack of jurisdiction would have no practical effect on any existing controversy.[3] When there is no existing controversy, we will not retain jurisdiction. *See Brock,* 142 S.W.3d at 207. Accordingly, the appeal is dismissed.

BOOKER T. SHAW, Presiding Judge, and KATHIANNE KNAUP CRANE, Judge, concur.

---

3. While we make no determination regarding the propriety of an attachment of judgment to assets of a decedent's estate that is not yet closed, we note that the probate division of the circuit court had jurisdiction to decide whether such an attachment can be made because the probate division of the circuit court may hear and determine all matters pertaining to probate business and has the same legal and equitable powers to effectuate and to enforce its orders, judgments, and decrees as circuit judges have in other matters. *See* Section 472.020 RSMo.2000; Section 472.030 RSMo.2000.