Bradley FERGUSON, Appellant,

v.

Edward HILLHOUSE, et al., Respondent.

No. ED 92467.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 6, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 2009.

Application for Transfer Denied March 2, 2010.

Andrew Kasnetz, Elizabeth A. Murphy, St. Louis, MO, for Appellant.

Mark Vincent, Union, MO, for Respondent.

ROY L. RICHTER, Judge.

Bradley Ferguson ("Ferguson") appeals the judgments of the Circuit Court of Franklin County first denying his petition for a writ of mandamus and subsequently denying his petition for judicial review. We dismiss his appeal as moot.

## I.  BACKGROUND

Ferguson, a registered Franklin County voter, filed his Petition for Incorporation of Village of Stonewater ("Petition for Incorporation") pursuant to section 72.080 RSMo Cum.Supp.2007 with the Franklin County Commission ("Commission") on December 26, 2007.  In his Petition for Incorporation, Ferguson prayed "that the question be submitted at the next general election"—which would have been in November of 2008.  At the same time that Ferguson's Petition for Incorporation was pending before the Commission, a bill was pending before the Missouri General Assembly which, if passed, would repeal those portions of section 72.080 (2007) that provided for incorporating a village.

At the Commission meeting of May 27, 2008, the Commission voted 2–1 against placing Ferguson's proposed incorporation of the village of Stonewater on the August 5, 2008 ballot.

On June 6, 2008, Ferguson filed his Petition for Writ of Mandamus and Judicial Review in the trial court.  In Count I, the Petition for Writ of Mandamus, Ferguson alleged that his Petition for Incorporation complied with all the requirements of section 72.080 (2007) and that the Commissioners who voted against placing the issue on the ballot improperly considered the fact that the statute would be amended effective August 28, 2008.  Ferguson claimed that the Commission acted arbitrarily and in excess of its authority when it voted not to place the incorporation issue on the August 5, 2008 ballot.  In Count II, his request for Judicial Review, Ferguson asked that the trial court direct the Commission to place the incorporation issue on the August 5 ballot.

On June 19, 2008, one month after the Commission voted not to place Ferguson's Petition on the ballot, the Governor of Missouri signed into law the bill which repealed those provisions of section 72.080 (2007) that allowed for incorporation of a village.[1]

Approximately one month later, on July 14, 2008, the trial court issued a preliminary writ of mandamus and ordered the Commissioners to file responsive pleadings.  The Commissioners responded. *inter alia,* that they have a duty to determine the legality of a proposed incorporation before declaring an election.  The Commissioners further stated that the bill pending before the Missouri General Assembly, which proposed to remove the provisions for incorporating a village, caused them to engage in additional scrutiny of Ferguson's Petition.

On July 29, 2008, the trial court issued its order denying the writ of mandamus and continuing Ferguson's Petition for Judicial Review.  The trial court stated it was denying the writ because the Commission's function in analyzing a petition pursuant to section 72.080 was discretionary rather than ministerial, and that such action could not be compelled absent manifest injustice.  We note that none of the versions of Section 72.080 (2006, 2007 or 2008) give the Petitioner the authority to decide at which election the Petition should appear on the ballot; that decision is vested in the governing body.

On October 10, 2008, the trial court entered judgment denying Ferguson's Petition for Judicial Review.  Ferguson appeals.

---

1.  The revised version of section 72.080 became effective on August 28, 2008.  *See* Section 72.080 RSMo Cum.Supp.2008.

## II. DISCUSSION

Ferguson raises four points on appeal wherein he challenges the trial court's actions both in denying the writ of mandamus and in denying judicial review. Because a judgment rendered by this Court would not have any practical effect on the controversy at issue, we dismiss Ferguson's appeal as moot.

■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *In re Estate of Washington*, 277 S.W.3d 777, 780 (Mo.App. E.D.2009) (citing *Reynolds v. City of Valley Park*, 254 S.W.3d 264, 266 (Mo.App. E.D.2008)). We will not decide a case that is moot, and may dismiss a case for mootness *sua sponte. Id.*

■ An appeal may be rendered moot if an event occurs that makes a court's decision unnecessary or that makes granting effectual relief by the court impossible. *In re Prye*, 169 S.W.3d 116, 120 (Mo.App. E.D.2005). "In terms of justiciability. a case is moot if a judgment rendered has no practical effect upon an existent controversy." *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D.1999) (quoting *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App. W.D.1998)). When a case is rendered moot, generally it should be dismissed. *Brock v. Brock*, 142 S.W.3d 204, 206 (Mo.App. E.D.2004).

■ The controversy in this case is moot. Ferguson asks this Court: (1) to find that the Commission was obligated to place the proposed incorporation on the August 5, 2008 ballot; and/or (2) to direct the trial court to issue its writ of mandamus and order the Commission to place the incorporation issue on the next election ballot. In the time since the trial court denied Ferguson's writ, the August 5, 2008 election date has passed. Furthermore, the current version of section 72.080 no longer provides for the incorporation of a village. *See* Section 72.080 RSMo Cum. Supp.2008. Therefore, a decision by this Court granting Ferguson the relief he seeks would have no practical effect on the existent controversy. This Court will not decide non-existent issues. *See Armstrong*, 990 S.W.2d at 64 (holding that a decision as to whether the County Clerk was required to place an issue on the election ballot was moot where the election had already passed).

## III. CONCLUSION

Ferguson's appeal is dismissed for mootness.

KENNETH M. ROMINES, C.J., dissents in separate opinion.

GLENN A. NORTON, J., concurs.

KENNETH M. ROMINES, C.J., dissenting.

I dissent. This case is not moot, just inconvenient. Inconvenient because as Courts we are reluctant to reverse the action of elected officials.[1]

At issue is the meaning to be given Section 72.080 RSMo. That section reads " . . . (1) Whenever a number of voters equal to fifteen percent of the registered voters in the area proposed to be incorporated shall present a petition to the governing body of the county in which such city, town, village or area is situated, such petition shall describe, by metes and bounds, the area to be incorporated and be accompanied by a plat thereof, shall state the approximate population and the assessed valuation of all real and

---

1. Courts are reluctant to the point of allowing legislation even if that legislation is obtained by bribe. *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 366, 111 S.Ct. 1344, 1346, 113 L.Ed.2d 382 (U.S.S.C. 1991).

personal property in the area and shall state facts showing that the proposed city, town, or village, if such village has at least one hundred inhabitants residing in it, shall have the ability to furnish normal municipal services within a reasonable time after its incorporation is to become effective and praying that the question be submitted to determine if it may be incorporated;

(2) The governing body shall submit the question to the voters if it is satisfied the number of voters signing such petition is equal to fifteen percent of the registered voters in the area proposed to be incorporated."

This is a straight forward combination of words—neither oblique nor ambiguous. Likewise the record is clear—Mr. Ferguson complied with all the requirements of § 72.080, supra. I believe the majority believes this, though they avoid this issue with "mootness." I also believe the majority would concede that the two members of the Franklin County Commission that comprised the majority—on the record—made clear that they were not going to comply with § 72.080, supra; "mootness", again, avoids the issue.

Mr. Ferguson brings two issues for our consideration. One—should the Franklin County Commission be compelled to comply with § 72.080 by mandamus.[2]

Two—was the action of the Franklin County Commission arbitrary, capricious and unreasonable as a ruling of an administrative body.

I do not believe we need to reach Mr. Ferguson's second point—though it is clear that the Commission's action was indeed arbitrary, capricious and unreasonable.

As such, we have before us a mandamus case. Whether a writ of mandamus is required is a question of law, questions of

law are reviewed *de novo*. *Endicott v. Display Technologies, Inc.*, 77 S.W.3d 612, 615 (Mo. banc 2002). The party who seeks mandamus must prove an unequivocal, clear, specific right. *State ex rel. Office of Public Counsel v. Public Service Com'n of State*, 236 S.W.3d 632, 635 (Mo. 2007). Mr. Ferguson has met this standard—again, I believe the majority would concede Mr. Ferguson's compliance with every aspect of the statute.

Reluctant as Courts are to tell legislative bodies they have run afoul of the law with legislation—that reluctance disappears when the same body functions administratively. The standard is different because when acting administratively the legislative body is *not exercising its police power*, and is not making policy. Here, the Franklin County Commission is acting in its administrative capacity. As such the Commission is compelled to place the issue of the Incorporation of the Village of Stonewater on the ballot to be voted up or down.

The Circuit Court below found discretion in the Commission—discretion which does not appear in § 72.080. The Commission's *sole discretion* is to decide at which election the ballot proposition will be submitted to the voters, as the statute does not set a specific election date.

The majority discusses the repeal of § 72.080—simply, when Mr. Ferguson sought incorporation § 72.080 was the law. Mr. Ferguson had a due process right consistent with Art. I § 10 Constitution of Missouri as the Commission had the case before repeal, as indeed did the Circuit Court, as the repeal did not become effective until 28 August 2008.

Consistently as Courts we apply statutes in effect when a petition has been brought before a Court prior to the repeal of the statute—whether it be venue provisions,

---

2. The Circuit Court below denied mandamus    and denied the administrative appeal.

worker compensation, wrongful death, medical malpractice, or indeed criminal cases—a party receives the benefit of the statute under which the case is brought, thus avoiding an ex post facto inquiry.[3]

Unequivocally and clearly Mr. Ferguson has a right to place the Incorporation of the City of Stonewater on the ballot.

Mandamus should issue Ordering the County Commission of Franklin County, Missouri to place the Incorporation of the Village of Stonewater, Missouri on the ballot.[4]

**3.** The repeal of § 72.080 did not apply the repeal retrospectively—indeed the legislative history indicates an attempt at retrospective application was defeated.

**4.** Additionally, I note that Respondent failed to file a brief with this court. While this does not violate any rules or statutes, "it is an imposition on the court that leaves us without the benefit of Claimant's research and insight." *Missouri Forge, Inc. v. Turner*, 118 S.W.3d 313, 316 (Mo.App. S.D.2003). While we are required to decide the case regardless of whether Respondent prepares a brief, we are not to become an advocate for Respondent *Rhodes v. Blair*, 919 S.W.2d 561, 563, 565 (Mo.App. S.D.1996).