

# Missouri Court of Appeals

## Southern District

### Division One

RAYMOND BOROWSKI,                    )
                                     )
    Plaintiff-Appellant,         )
                                     )
vs.                                  )      No. SD34136
                                     )
J.P. MORGAN CHASE BANK, N.A.,        )      **Filed: December 21, 2016**
                                     )
    Defendant-Respondent.        )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Mark A. Stephens

**<u>AFFIRMED</u>**

Raymond Borowski ("Mr. Borowski") appeals from the trial court's judgment in favor of J.P. Morgan Chase Bank, N.A. ("Chase") in a case involving unauthorized withdrawals from Mr. Borowski's accounts. Mr. Borowski raises two points: (1) that the trial court erred in granting summary judgment for Chase because to do so the trial court had to resolve numerous issues of disputed material fact and (2) that the trial court erred in dismissing Mr. Borowski's claim of negligence in the performance of a contract. Point One fails because the undisputed material facts show Mr. Borowski failed to notify Chase of the unauthorized transactions within the time period specified by the account

agreement.  Moreover, under the terms of the account agreement, resolution of Point One renders Point Two moot.  Consequently, we affirm the trial court's judgment.

## Factual and Procedural Background

On appeal from an order granting summary judgment, this Court views "the record in the light most favorable to the party against whom judgment was entered" and accords "the non-movant the benefit of all reasonable inferences from the record." ***ITT Comm. Fin. Corp. v. Mid-America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993).  So viewed, the following facts appear in the parties' summary judgment documents.

On March 1, 2008, Mr. Borowski was added[1] to a checking account[2] belonging to Andrew Dumelle, Jr. ("Mr. Dumelle").  Sometime later, Mr. Dumelle died, leaving Mr. Borowski as the sole owner of the account.

---

[1] In his response to Chase's statement of material uncontroverted facts, Mr. Borowski takes issue with the use of the phrase "added to a checking account."  However, this phrase, like many of the other facts asserted in Chase's statement of material uncontroverted facts, was deemed admitted under Rule 74.04.  Rule 74.04 requires the party seeking summary judgment to attach a statement of uncontroverted material facts to the motion for summary judgment.  Rule 74.04(c)(1).  Then, the party responding to a moving party's statement of uncontroverted material facts must "set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2).  Furthermore, "[a] denial may not rest upon the mere allegations or denials of the party's pleading[,]" and "the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." ***Id.***  "A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph." ***Id.***  Incorporation of legal arguments does not satisfy the requirements of the rule. *See **Mothershead v. Greenbriar Country Club, Inc.**, 994 S.W.2d 80, 85 (Mo. App. E.D. 1999).  Mr. Borowski's responses to paragraphs 4, 15-18, 22-23, 31-32, 36,and 45 do not comply with Rule 74.04(c)(2) because they do not include a citation to the discovery, exhibits or affidavits.  Mr. Borowski's paragraphs 4, 15-18, 22-23, 31-32, 36, and 45 are thus deemed admitted.  Those facts will be included above and treated as true for purposes of this opinion without further notation or discussion.  All rule references are to Missouri Court Rules (2016).

[2] The parties' summary judgment documents also include information about a savings account. Mr. Borowski does not appear to allege any unauthorized transactions involved that account.

On January 17, 2009, Jesse Padgett ("Mr. Padgett") went to a Chase branch and presented a power of attorney purportedly signed by Mr. Borowski. A Chase employee accepted the power of attorney and created new signature cards for Mr. Borowski's accounts. Throughout 2008 and 2009, several transactions were made from Mr. Borowski's accounts by and to Mr. Padgett.

On July 14, 2010, Mr. Borowski granted a power of attorney to Paul Fisher ("Mr. Fisher"). In August 2010, Mr. Fisher went to a Chase branch, notified someone at the branch of "problems" with Mr. Borowski's accounts, and requested records pertaining to the accounts.

On February 24, 2011, Mr. Borowski sued Mr. Padgett, Chase, and several others based on allegations that Mr. Padgett made unauthorized transfers from Mr. Borowski's accounts. As ultimately amended, Mr. Borowski's claims against Chase included conversion, fraudulent transfer, negligence, breach of contract, and negligence in the performance of a contract. Chase thereafter filed a motion for summary judgment, arguing Mr. Borowski was barred from recovery because he failed to report the unauthorized transfers, and a motion to dismiss, arguing that Mr. Borowski failed to state a cause of action for conversion or fraudulent transfer and that negligence in the performance of a contract was not a valid cause of action as between contracting parties.

The trial court granted Chase's motions, thereby resolving all Mr. Borowski's claims against Chase, and certified the judgment as final for purposes of appeal.[3] Mr. Borowski appeals.

---

[3] Mr. Borowski subsequently obtained a default judgment against Mr. Padgett for a total amount of $476,171.52 in actual damages and $2 million in punitive damages.

## Discussion

### *Point One: Summary Judgment*

In his first point, Mr. Borowski claims the trial court erred in granting summary judgment in favor of Chase because that ruling improperly resolved several issues of disputed fact, including whether Chase exercised ordinary care in accepting the power of attorney from Mr. Padgett, whether account statements were actually sent, and whether Mr. Borowski timely notified Chase of the allegedly unauthorized transactions. Mr. Borowski also makes several legal and factual arguments about the 2009 signature cards. Mr. Borowski's argument fails because, under the terms of the account agreement, Mr. Borowski had no claim against Chase unless he notified Chase of unauthorized items within 30 days or of errors with respect to electronic funds transfers ("EFTs") within 60 days and the undisputed material facts show Mr. Borowski did not notify Chase of the unauthorized transactions within that time.

"When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT*, 854 S.W.2d at 376. Moreover, the Court will "accord the non-movant the benefit of all reasonable inferences from the record." *Id.* Appellate review of the order granting summary judgment is *de novo*. *Id.*

"The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Those criteria are in turn determined by the classification of the moving party as either a claimant or a

4

defending party. *Id.* at 380. Here, Chase was a defending party because Mr. Borowski sought to recover from Chase. *See id.*

> [A] "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* at 381. In its motion for summary judgment, Chase sought judgment because Mr. Borowski failed to report the unauthorized transactions. That is, Chase sought judgment on the ground that there was no genuine dispute as to the existence of each of the facts necessary to support its contract defense.

"Generally speaking, the relation of a bank to its depositor is . . . subject to contract." ***Scott v. Union Planters Bank, N.A.***, 196 S.W.3d 574, 577 (Mo. App. S.D. 2006) (quoting ***Washington County Mercantile Bank v. Kennedy***, 855 S.W.2d 520, 522 (Mo. App. E.D. 1993)). Here, the account agreement contained several provisions regarding unauthorized transactions. First, the account agreement stated:

> If we honor a check or other item drawn on or posted to your Account that is altered in any way or was not drawn or otherwise authorized by you ("unauthorized item") or if your Account statement contains any errors, you agree to notify us in writing of such unauthorized item or error *within 30 days* of the date on which the unauthorized item, or the Account statement that contained a description of the unauthorized item or error, was mailed, transmitted or otherwise made available to you.

(Emphasis added). The agreement went on to provide consequences for failure to comply with the notice provisions:

Failure to report an unauthorized item or error, or that you did not receive your scheduled statement, within the 30-day time frame set forth above, or to abide by the conditions set forth herein, shall be deemed conclusive proof that you failed to exercise reasonable care and promptness in examining the items and statements of the affected Account and in notifying us of the unauthorized item or error. You agree that such items and errors shall therefore be fully enforceable against you and you shall have no claim against us for same and shall be barred from bringing any action against us that is in any way related to the unauthorized items or errors.

The account agreement also required Mr. Borowski to notify Chase of any errors involving EFTs no later than 60 days after the first statement on which the error appeared.

Chase paid the first unauthorized item on October 15, 2008, and the last unauthorized item October 7, 2009. The checks and EFTs appeared on statements that were sent to Mr. Borowski's residential address. Nevertheless, Mr. Borowski took no action to notify Chase about any of these items until August 2010, approximately nine months after Chase paid the last unauthorized item. That is, Mr. Borowski's attempt to notify Chase of the unauthorized items was made well after the end of the 30 and 60 day time limits set forth in the account agreement. Under these circumstances, Mr. Borowski failed to comply with the notice provisions of the account agreement. The consequences of that failure are that Mr. Borowski was precluded from bringing any type of suit against Chase based on those transactions.

None of Mr. Borowski's arguments alter this conclusion. Mr. Borowski first argues the trial court's grant of summary judgment was in error because the grant of summary judgment required the trial court to make the factual inference

6

that Chase exercised ordinary care. This argument is without merit because it ignores the effect the Uniform Commercial Code ("UCC") has on this agreement.

The relevant provision of Missouri's UCC is Section 400.4-406(f)[4] which provides in pertinent part that:

> *Without regard to care or lack of care of either the customer or the bank*, a customer who does not within one year after the statement or items are made available to the customer (subsection (a)) discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration.

§ 400.4-406(f) (emphasis added); *see also* § 400.4A-505. This statute "evidence[s] a public policy in favor of imposing on customers the duty of prompt examination of their bank statements and the notification of banks of forgeries and alterations and in favor of reasonable time limitations on the responsibility of banks for payment of forged or altered items." *Knight Comms., Inc. v. Boatmen's Nat. Bank of St. Louis*, 805 S.W.2d 199, 202 (Mo. App. E.D. 1991) (internal citation omitted). The provision creates an absolute limitation which "is not merely a statute of limitations, but a rule of substantive law barring absolutely a customer's untimely asserted right to make a claim against the bank." *Id.* (internal citation omitted). Moreover, the parties may vary this provision by agreement so long as the standards adopted in that agreement "are not manifestly unreasonable." *See* § 400.4-103(a); § 400.4A-501(a). Mr. Borowski does not claim that the contractual time limits of 30 and 60 days for giving notice of unauthorized transactions constitute a manifestly unreasonable modification of the one-year time limit contained in Section 400.4-406(f), and

---

4 All statutory references are to RSMo (2000).

the trial court did not need to evaluate the issue of whether Chase acted with ordinary care because the provisions of Section 400.4-406(f) made ordinary care irrelevant to the analysis of the issue of Chase's liability in this case.

Mr. Borowski next argues that the 2009 signature cards created a new account with Mr. Padgett so Mr. Borowski was no longer bound by the account agreement. In support, he relies on **Kennedy**, 855 S.W.2d 520, for the proposition that "a change in title is tantamount to terminating the account and replacing it with a new one." *Id.* at 523. This reliance is misplaced because the facts in that case were different. In **Kennedy**, the altered signature card removed an owner's name from the account and replaced it with another name. *Id.* Here, in contrast, Mr. Borowski's name was never removed from the title of the account. Moreover, Chase continued sending statements to Mr. Borowski. Mr. Borowski still owned the funds deposited in the bank after the completion of the 2009 signature cards, so he was still a customer of the bank, subject to the terms of the account agreement.

Third, Mr. Borowski argues the trial court erred in finding Chase actually sent the statements because Chase did not provide evidence that it sent the items. This argument is without merit. Chase supported its assertion that it sent the statements with an affidavit from a bank employee regarding Chase's usual practices regarding mailing account statements. Contrary to Mr. Borowski's vigorous assertions that this evidence is a mere self-serving conclusion, an affidavit is one of the types of evidence which may be used to support an assertion of uncontroverted material fact in support of a motion for summary judgment. *See* Rule 74.04(c)(1). Mr. Borowski offered no evidence to rebut that

8

proof.  While Mr. Borowski attempted to dispute those facts with legal argument, he did not provide any contrary facts and did not support his denial with a citation to the discovery, exhibits or affidavits.  Those facts are deemed admitted. *See* Rule 74.04(c)(2).

The trial court did not err in determining Chase was entitled to judgment as a matter of law on the ground that Mr. Borowski failed to notify Chase of the unauthorized items within the time period provided by the account agreement. Mr. Borowski's first point is denied.

### Point Two:  Motion to Dismiss

In his second point, Mr. Borowski claims the trial court erred in dismissing his claim for negligence in the performance of a contract because negligence in the performance of a contract is a distinct cause of action from common law negligence.  However, in light of our conclusion with respect to Point One, Point Two is moot.

"The doctrine of mootness is triggered when an event occurs that alters the position of the parties and any judgment would be a hypothetical opinion." ***Brock v. Brock***, 142 S.W.3d 204, 206 (Mo. App. E.D. 2004).  "When an event occurs that makes a court's decision unnecessary or makes granting any relief by the court impossible, then the case is rendered moot and generally should be dismissed." ***Id.***

Here, the analysis in Point One shows Mr. Borowski failed to notify Chase of the unauthorized transactions as required under the terms of the account agreement.  Under the terms of the account agreement, that failure bars Mr. Borowski from bringing any action against Chase on the basis of the

9

unauthorized transactions. Any action would include an action for negligence in the performance of a contract. Thus, the denial of Point One would render any opinion with respect to Point Two a hypothetical opinion regarding the nature of a claim of negligence in the performance of a contract. Point Two is moot.

Mr. Borowski's second point is denied.

## Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS