STATE of Missouri on the Information of Ronald S. REED, Jr., Special Prosecuting Attorney of Clay County, Missouri, Appellant,

v.

Michael E. REARDON, Prosecuting Attorney of Clay County, Missouri, Respondent.

No. SC 82688.

Supreme Court of Missouri.
En Banc.

April 10, 2001.

Ronald S. Reed, Jr., Sp. Pros. Atty., Creath S. Thorne, Asst. Sp. Pros. Atty., St. Joseph, for appellant.

Robert H. Martin, Independence, for respondent.

PER CURIAM.

Ronald S. Reed, Jr., special prosecuting attorney of Clay County, Missouri, appeals from the circuit court's judgment denying his petition in quo warranto seeking the ouster, pursuant to sec. 106.220,[1] of the respondent, Michael E. Reardon, from the office of Clay County Prosecuting Attorney on the basis that he willfully violated and neglected his official duties. This case was transferred here following opinion by the Missouri Court of Appeals, Western District.[2] *Rule 83.04; Mo. Const. art. V, sec. 10.*

Specifically, the petition alleged, *inter alia,* that the respondent willfully violated and neglected his official duties in that he: (1) knowingly authorized the expenditure of money for purposes other than those for which the money was collected, as specified in secs. 570.120.5(2) and 56.330; and (2) failed to require two Clay County assistant prosecuting attorneys to pay into the general revenue fund fees collected by them for their prosecution work done in counties other than Clay County, as required by Mo. Const. article VI, sec. 13.

The appellant raises seven points on appeal in which he claims that the trial court erred in denying his petition in *quo warranto* to oust the respondent. He claims that the court: (1) erroneously declared and applied the law as found in sec. 570.120.5(2) in finding that the respondent's challenged expenditures were authorized by the statute as "capital outlay"; (2) erroneously declared and applied the law as found in sec. 56.330 in finding that the challenged expenditures were autho-

rized by the statute as expenses that the respondent "is put to in the proper and vigorous prosecution of the duties of his office"; (3) erred in admitting and considering the testimony of five former and current prosecuting attorneys regarding for what purposes they authorized the expenditure of money from their sec. 570.120.5 bad-check and sec. 56.330 contingent funds; (4) erred in admitting and considering the testimony of a state senator regarding his intent as to the term "capital outlay" in sec. 570.120.5(2); (5) erred in admitting and considering the testimony of three former and current Clay County circuit court judges who authorized the respondent's expenditure of money from the sec. 56.330 contingent fund; (6) erroneously declared and applied the law as found in sec. 106.220 in finding that the respondent did not willfully violate and neglect his official duties; and (7) erroneously declared and applied the law as found in Mo. Const. article VI, sec. 13, in finding that the respondent did not have a duty to require assistant prosecuting attorneys working for him to pay into the general revenue fund fees collected by them for their prosecution work done in counties other than Clay County.

The appeal is dismissed.

### Facts

The respondent served as the Clay County prosecuting attorney from January 1, 1987, to December 31, 1998, when his last term expired. In that position, he was required, pursuant to sec. 570.120.5, to collect an administrative handling cost whenever he "[took] any action" relating to the prosecution of individuals who had committed the crime of passing a bad check under

---

1. All statutory references are to *RSMo 1994,* unless otherwise indicated.

2. The opinion here is that of the court of appeals, authored by Honorable Edwin H. Smith, with some changes.

sec. 570.120.1. The money collected pursuant to this section was deposited into a fund commonly referred to as the "bad-check fund." While prosecuting attorney, the respondent used money from this fund, *inter alia*, to purchase and frame an oil painting for his office's lobby; pay fourteen bills covering the cost of food and drinks for himself and his employees; cover the cost of office Christmas parties on three occasions; purchase flowers on three occasions, which were sent to hospitalized employees and funerals of employees' relatives; pay for a retirement party; and pay the professional dues owed by himself and his employees on four occasions. These expenditures totaled $7,074.44.

Pursuant to sec. 56.330, the treasurer of each first-class county is required to "set aside the prosecuting attorney's fees to be used as a contingent fund for the prosecuting attorney" for the payment of various expenses. While he was prosecuting attorney, the respondent used money from this contingent fund to pay eighteen bills covering the cost of food and drinks for himself and his employees; purchase flowers on twelve occasions, which were sent to hospitalized employees and funerals of employees' relatives; pay the professional dues owed by himself and his employees on three occasions; and pay the cost for himself and his employees to attend bar association dinners on five occasions. These expenditures totaled $11,349.05. Each warrant the respondent submitted requesting payment from the contingency fund was approved and signed by a Clay County circuit court judge.

Brian Klopfenstein began working as a Clay County assistant prosecuting attorney on January 1, 1987. He generally worked three days a week as a prosecuting attorney and operated his private civil practice the other two days of the week. From 1994 to 1996, he also worked as a special prosecuting attorney in Livingston County, Missouri. He was paid $8,000 for his work as a special prosecuting attorney and did not pay any of this money into the Clay County general revenue fund. Timothy Finnical also worked for the respondent as a Clay County assistant prosecuting attorney. Like Klopfenstein, at times he worked as a special prosecuting attorney in counties other than Clay County and did not pay into the Clay County general revenue fund any compensation he received for his services rendered as a special prosecuting attorney.

On May 29, 1997, the appellant was appointed special prosecuting attorney of Clay County. On May 12, 1998, he filed a petition in *quo warranto* seeking the ouster, pursuant to sec. 106.220, of the respondent from the office of Clay County prosecuting attorney on the basis that he had willfully violated and neglected his official duties. The petition alleged, *inter alia*, that the respondent willfully violated and neglected his official duties in that he: (1) knowingly authorized the expenditure of money for purposes other than those for which the money was collected, as specified in secs. 570.120.5(2) and 56.330; and (2) failed to require two assistant prosecuting attorneys working for him to pay into the general revenue fund fees collected by them for prosecution work done in counties other than Clay County, as required by Mo. Const. article VI, sec. 13.

The petition was heard on December 7 and 8, 1998. At the conclusion of the hearing, the trial court took the case under advisement. On December 31, 1998, the trial court entered its judgment denying the petition in *quo warranto*. In denying the petition, the court found that the respondent's expenditure of money from the sec. 570.120.5 bad-check fund and the sec. 56.330 contingent fund was not "illegal or unauthorized" and that he "did not willful-

ly and knowingly commit acts in derogation" of the statutes. The court also found that the respondent "did not have a duty to require Assistant Prosecutors to pay fees they earned in other counties into the Clay County general fund" and that the "Respondent was not in violation of Section 106.220, R.S.Mo. when Respondent failed to order such payment" because assistant prosecuting attorneys are not "county officers" within the meaning of Mo. Const. article VI, sec. 13.

This appeal follows.

### Discussion

■■■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999). "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte.*" *Id.* As such, before addressing the merits of the appellant's appeal, we initially address whether this case is moot given the fact that the respondent's term as Clay County prosecuting attorney expired on December 31, 1998, and he is no longer occupying that position.

■■■ In terms of justiciability, " '[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *Shelton v. Farr,* 996 S.W.2d 541, 543 (Mo.App.1999) (*quoting Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984)). " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Armstrong,* 990 S.W.2d at 64 (*quoting State ex rel. Wilson v. Murray,* 955 S.W.2d 811, 812–13 (Mo.App.1997) (ci-

tation omitted)). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.; In re C.A.D.,* 995 S.W.2d 21, 28 (Mo.App.1999). " 'Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered [merely becomes] a hypothetical opinion.' " *Armstrong,* 990 S.W.2d at 64 (*quoting Gilroy–Sims and Assocs. v. City of St. Louis,* 697 S.W.2d 567, 569 (Mo.App.1985)). In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record. *Bratton v. Mitchell,* 979 S.W.2d 232, 236 (Mo.App.1998); *Wilson,* 955 S.W.2d at 812.

In this case, the appellant filed his petition in *quo warranto,* citing *Rule 98,*[3] seeking the respondent's removal from the office of Clay County prosecuting attorney. In his petition, the appellant sought relief solely under sec. 106.220. Section 106.220 governs the removal of certain county and municipal officials from public office and provides:

> Any person elected or appointed to any county, city, town or township office in this state, except such officers as may be subject to removal by impeachment, who shall fail personally to devote his time to the performance of the duties of such office, or who shall be guilty of any willful or fraudulent violation or neglect of any official duty, or who shall knowingly or willfully fail or refuse to do or perform any official act or duty which by law it is his duty to do or perform with respect to the execution or enforcement of the criminal laws of the state, shall thereby forfeit his office, and may be

---

**3.** All rule references are to the *Missouri Rules of Court (1998),* unless otherwise indicated.

removed therefrom in the manner provided in sections 106.230 to 106.290.

Under this statute, if the respondent were found guilty of willfully or fraudulently violating or neglecting an official duty, as alleged in the appellant's petition, he would have forfeited his office of prosecuting attorney and been removed therefrom. *Section 106.220.* No other relief is provided for in the statute, and the petition asserts no other basis for relief.[4]

The respondent's term as Clay County prosecuting attorney expired on December 31, 1998. Thus, he is no longer occupying that position and, logically, is no longer subject to being ousted under sec. 106.220. Because he can no longer forfeit or be ousted from the office of prosecuting attorney of Clay County, which is the only relief authorized by sec. 106.220, any decision by this Court as to the claims raised by the appellant on appeal in this regard would not have any practical effect upon any existing controversy. *Shelton,* 996 S.W.2d at 543. Hence, because the expiration of the respondent's term as Clay County prosecuting attorney makes any decision by this Court "unnecessary [and] makes granting effectual relief by the court impossible," *Armstrong,* 990 S.W.2d at 64, the appeal is moot.

The special prosecutor cites *State ex Information McKittrick v. Wymore,* 345 Mo. 169, 132 S.W.2d 979 (Mo. banc 1939), for the proposition that an action for ouster of a public official for misconduct commenced before his term expires should be prosecuted to final judgment even though the official no longer holds office. *Wymore* is distinguishable for several reasons. Most notably, in *Wymore* the remedy sought and imposed included not just ouster but also assessment of a fine and costs. Here, the special prosecutor concedes that the only additional remedy it seeks is assessment of costs against respondent, but not a fine. When a party's claim has become moot, it follows that assessment of costs is also moot. Moreover, none of the points relied on assert trial court error in failure to assess costs.

## Conclusion

For the reasons stated, the appeal is dismissed for mootness.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN and BENTON, JJ., and SHEFFIELD, Sp. J., concur.

WOLFF and LAURA DENVIR STITH, JJ., not participating.

---

4. Although the appellant, in the prayer of his petition, sought, in addition to the respondent's removal from office, "further fines, levies, forfeitures and other relief in the premises as the court may deem just," sec. 106.220 does not provide for such additional relief and, as such, it cannot be granted under that statute.