**Floyd O. LIEURANCE, Appellant,**

v.

**Helen M. LIEURANCE, Respondent.**

**No. ED 80771.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 2003.

Application for Transfer Denied
Aug. 26, 2003.

Stephen M. Hereford, St. Louis, MO, for appellant.

Susan S. Frederick, St. Louis, MO, for respondent.

Before MARY R. RUSSELL, P.J., CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J.

BOOKER T. SHAW, J.

Floyd O. Lieurance ("Husband") appeals from the trial court's judgment entered by the St. Louis City Circuit Court in favor of Helen M. Lieurance ("Wife") on Husband's motion to modify the maintenance provision of the Decree of Dissolution. The trial court found Husband in contempt for failing to make maintenance payments in the amount of $5,850.00 to Wife and ordered Husband to pay Wife's attorney's fees and expenses totaling $2,792.40.

Husband raises four points on appeal. In his first three points, Husband argues the trial court erred in denying his motion to modify the maintenance provision of Husband and Wife's Decree of Dissolution because: (1) the trial court's holding that there was no showing of a substantial and continuing change of circumstances and that Husband has the means to satisfy his maintenance obligation is against the weight of the evidence and a misstatement and misapplication of the law; (2) the trial court's holding that Husband's voluntary separation from his employment precludes any relief was a misapplication of the law and was without evidentiary support; and (3) the trial court's failure to terminate or reduce the maintenance award because Wife failed to become self-sufficient was a misapplication of the law and against the weight of the evidence. In Husband's fourth point on appeal, he argues the trial court erred in finding him in contempt and awarding attorney's fees and costs to Wife because this was against the weight of the evidence.

We dismiss Husband's fourth point on appeal as moot because the trial court

granted Husband's Motion to Moot Finding of Contempt. In all other respects, we affirm the judgment of the trial court pursuant to Rule 84.16(b). The parties have been furnished with a memorandum for their information only, setting forth the reasons we affirmed the judgment.

For an appeal to lie, there must be a final judgment or order. Section 512.020, RSMo 2000. A party held to be in civil contempt has two options: (1) purge himself of the contempt by complying with the court's order, making the case moot and unappealable; or (2) appeal the order, but only after the court's order is enforced by incarceration or otherwise. *Whitworth v. Jones*, 41 S.W.3d 625, 629 (Mo.App. E.D. 2001). A civil contempt order is not final until it is enforced. *Id.* There is no right to appeal from an order of civil contempt where it has not been enforced by a jail sentence or an imposed or executed fine. *State ex rel. Euclid Plaza Associates, L.L.C. v. Mason*, 81 S.W.3d 573, 576 (Mo. App. E.D.2002).

Husband and Wife were married on January 24, 1970. Their marriage was dissolved on December 23, 1992. Husband and Wife entered into a Decree of Dissolution and pursuant to this agreement, Husband was directed to pay maintenance to Wife in the amount of $900 per month beginning in January, 1993. Husband filed a motion to modify the maintenance award granted to Wife in the Decree of Dissolution. The trial court denied Husband's motion to modify the maintenance award and found Husband in contempt for failing to make maintenance payments in the amount of $5,850.00 to Wife. Husband subsequently filed a Motion to Moot Finding of Contempt, which the trial court granted on August 7, 2002. The trial court found that the contempt order was moot because Husband's social security benefits had been garnished, resulting in monthly maintenance payments to Wife.

Because the trial court granted Husband's motion to moot its prior finding of contempt, the contempt order is not appealable. Furthermore, even if Husband was not fully purged of the contempt, his appeal of this order is premature and not final for purposes of appeal because enforcement of the contempt order has not been sought by way of incarceration or otherwise. Accordingly, the appeal of the contempt order is dismissed.

MARY R. RUSSELL, P.J., concurs.

CLIFFORD H. AHRENS, J., concurs.