**Deanna VINSON, Plaintiff/Appellant,**

v.

**Ray VINSON, Jr.,**
**Defendant/Respondent.**

**No. ED 85854.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 16, 2006.

Michael A. Gross, Joseph F. Yeckel, St. Louis, MO, for appellant.

Edward J. Dowd, James F. Bennett, K. Lee Marshall, St. Louis, MO, Jeremiah J. Morgan, Kansas City, MO, for respondent.

Before GLENN A. NORTON, C.J., KENNETH M. ROMINES, J., and ROY L. RICHTER, J.

PER CURIAM.

Deanna Vinson (Wife) appeals from the trial court's judgment finding her in contempt for failing to comply with the terms of a judgment *pendente lite*. Because we conclude that the appeal is moot, we dismiss it.

Wife filed a petition for dissolution of marriage against Ray Vinson, Jr. (Husband). Husband and Wife have operated a business together, American Equity Mortgage. During the course of the proceedings, Husband filed a motion *pendente lite* (PDL) for access to the business premises and a residence. On January 14, 2005, the trial court entered a PDL judgment, which provided for Husband to have some unimpeded access to the business premises, directed Wife to reinstate some of Husband's credit card privileges, and to return Husband's dog Bogey to him. On January 25, 2005, Husband filed a motion for contempt, alleging that Wife had failed to comply with the PDL judgment. The trial court issued an order directing Wife to show cause why she should not be held in contempt for violating the terms of the trial court's PDL judgment.

On February 3, 2005, the trial court issued a judgment of contempt and concluded that Wife had intentionally and contumaciously refused and failed to abide by the PDL judgment. Wife was held in contempt of the court PDL judgment and sentenced to imprisonment in the St. Louis County Department of Justice Services until she delivered the following items to Division 41 of the Circuit Court of St. Louis County by 8:00 p.m. on February 4, 2005:

1) "a letter signed by Wife, addressed to all employees of American Equity Mortgage that has been posted at the Headquarters, that states that it is no longer the policy that Husband's requests for information and or documentation from American Equity Mortgage employees be reduced to writing for Wife's approval."

2) "a letter signed by Wife, addressed to all credit cards upon which Wife has credit card privileges, including BUT not limited to: *Citibank Visa* and *American Express* accounts directing said creditors to reinstate Husband's credit card privileges";

3) "a letter and/or form necessary by the banking institution authorizing access by Ray Vinson to any joint account and any account held in the name of Respondent, including but not limited to Commerce Bank, United Missouri Bank, and Bank of America."

4) "a letter addressed to all employees, both personal and corporate, including security personnel, that Husband is to have unimpeded access to the American Equity Mortgage Headquarters. (no more than twice a business week)";

5) "a letter addressed to all employees, both personal and corporate, including security personnel that Husband shall be able to enter upon the premises of AEM without interference from Wife (said letter shall be posted)."

6) "an accounting of all extraordinary expenditures made by Wife that are not in the usual course of business since January 14, 2005."

7) the dog Bogey.

On February 4, 2005, Wife filed copies of letters and other documents in response to the contempt judgment. She did not return the dog. On February 7, 2005, the trial court issued a warrant and commitment order directing the St. Louis County police to arrest Wife for failing to comply with the PDL judgment. The order concluded that Wife should be confined until "she purges herself of the contempt. . . ."

■ Wife has appealed from the judgment of contempt. Wife raises six points in her appeal relating to the merits of the contempt judgment. However, after filing her notice of appeal, Wife filed with this Court a notification of events subsequent to the filing of notice of appeal, citing Local Rule 310. In that notification, Wife advised the Court that she had returned Bogey to Husband. Husband has acknowledged that he has possession of the dog.

■ In appellate review, a threshold question is the mootness of the controversy. *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). An appellate court may dismiss a case for mootness *sua sponte,* because mootness implicates the justiciability of a case. *Id.* In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record. *Id.*

■ The purpose of a civil contempt order is to compel compliance with a court order, and not to punish a party. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 578 (Mo. banc 1994). A party held in civil contempt may purge himself or herself of the contempt by complying with the court's order, but this renders the case moot and unappealable. *Braveheart Real Estate Co. v. Peters,* 157 S.W.3d 231, 234 (Mo.App. E.D.2004). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Reed,* 41 S.W.3d at 473.

This Court has reviewed the record and concludes that Wife has complied with the contempt judgment, thus rendering the case moot and unappealable. Before the deadline, Wife filed with the trial court multiple documents, including letters to various creditors asking that Husband's credit card privileges be restored and that he have access to funds in their joint bank accounts. She filed copies of two memoranda to the business employees that directed them to cooperate with Husband and that he was permitted unimpeded access twice a week. She filed an affidavit stating that she had mailed the letters by U.S. Mail, postage prepaid, and had signed and posted the two memoranda at the business premises. She also provided an accounting of her expenditures from January 14, 2005 through February 3, 2005. After reviewing these documents, this Court concludes that Wife complied with all but one of the contempt judgment's requirements—returning Bogey to Husband. However, Wife finally returned Bogey to Husband on February 24, 2005.[1] Because Wife has complied with the contempt judgment, her appeal is moot and thus, unappealable.

The appeal is dismissed.[2]

---

**1.** The PDL judgment that Husband was attempting to enforce by filing the motion for contempt has been superseded by a consent PDL, entered into by both parties on June 2005.

**2.** Because Wife has complied with the contempt judgment, the warrant of commitment is of no further effect.