Gordon GOLDSBY, Appellant,

v.

George LOMBARDI, Director Missouri
Department of Corrections,
Respondent.

No. WD 72183.

Missouri Court of Appeals,
Western District.

Aug. 17, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 28, 2010.

Gordon Goldsby, appellant pro se.

Jennifer Redel–Reed, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and GARY D. WITT, JJ.

PER CURIAM:

Gordon Goldsby appeals a circuit court's decision granting the defendant's motion to dismiss his action requesting a declaration that section 217.175 RSMo[1] is unconstitutional. He argues two Points on Appeal. His Point I on Appeal is that the trial court erred because RSMo 217.175 is vague and ambiguous in that it allows the Department of Corrections authority to make regulations that violate the First Amendment of the United States Constitution. In Point II, he argues that the trial court illegally delegated its judicial function by adopting a proposed judgment drafted by counsel for Lombardi. We dismiss the appeal as moot.

**Factual and Procedural Background**

On July 23, 2009, Gordon Goldsby, an inmate in the Missouri Department of Corrections (DOC), filed suit seeking declaratory and injunctive relief in the Circuit Court of Cole County. In his petition, Goldsby sought a declaration section 217.175 "violates the constitution(s) of Missouri and the United States, as being vague and ambiguous." The injunctive relief Goldsby sought at that time was the return of his denim jacket in the event that the trial court ruled the statute unconstitutional.

Goldsby's petition focused on the seizure of his denim jacket by the DOC. Goldsby painted on the back of the jacket a large picture of a man pointing a shotgun out toward the viewer. The DOC seized the jacket on February 12, 2009, citing that it violated two DOC policies, IS/SOP22–1.1 (III.D.3), which prohibits clothing that depicts or advocates violence, and IS19–1.1 (24.5), which prohibits items that have been altered.

Respondent George Lombardi, director of the DOC, filed a motion to dismiss Goldsby's complaint under Rule 55.27(a) for failure to state a claim upon which relief could be granted. Lombardi argued that a request for a declaration that RSMo 217.175 was unconstitutional was improper because Goldsby had adequate remedies at law available to address his central complaint that his personal property was improperly taken from him.

After Goldsby responded to Lombardi's motion to dismiss, the case was submitted to the court on the pleadings. The court entered an Order and Judgment that granted Lombardi's motion to dismiss and

---

**1.** RSMo 217.175 says, "The division directors shall make such rules, regulations and orders as are proper and necessary for the management of the correctional centers and programs under their control." All statutory references are to RSMo 2000, updated through the 2009 Cumulative Supplement, unless otherwise indicated.

denied Goldsby's request for declaratory and injunctive relief.

Goldsby appeals.

## Discussion

In Point I, Goldsby claims that his request for declaratory judgment was improperly dismissed because the statute granting the Missouri DOC the authority to make rules and regulations for the management of the corrections centers is unconstitutionally vague and ambiguous. The trial court found it unnecessary to consider any issue addressed to the constitutionality of any statute, instead finding that Goldsby failed to state a claim upon which relief could be granted.

Lombardi argues that Goldsby's petition for declaratory judgment was rightfully dismissed because he had other adequate remedies to address his complaints of an alleged unwarranted seizure of his personal property. Lombardi also argued that an adjudication that section 217.175 was unduly vague would not get Goldsby the return of his jacket. Lombardi argues mootness.

Goldsby now makes much of the fact that he challenges only the constitutionality of section 217.175 on appeal and says that he is not now requesting his jacket back. The respondent argues that, if Goldsby is abandoning his claim for return of the jacket, or compensation therefore, Goldsby's appeal is moot. We agree with the respondent.

■■■■ The mootness of the controversy is a threshold question in any appellate review. *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). "[C]ourts do not determine moot cases." *Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App.2003). A case is moot and generally should be dismissed when a court's decision is unnecessary or granting effec-

tual relief is impossible. *Reed,* 41 S.W.3d at 473 (quoting *Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999)).

■■ Section 217.197 allows the DOC to establish policy that regulates the "amount and type of personal property an offender housed in a correctional center may possess." Oddly, Goldsby does not challenge 217.197. Instead, he argues that a different statute—a more general one empowering the DOC directors to adopt general rules and regulations (section 217.175)—should be held void for vagueness because the statute allowed the DOC to make policy that justified the seizure of his jacket depicting a man holding a gun, and such seizure was in violation of his free speech rights. This is an interesting but confusing argument, in that section 217.197 is the statute that specifically allows the DOC to regulate the possession of personal property by offenders. It would appear that even if there were no 217.175, the authority granted to the DOC by 217.197 would be sufficient to authorize the regulation in question. The specific statute would govern. *See Parktown Imports, Inc. v. Audi of America, Inc.,* 278 S.W.3d 670, 673 n. 2 (Mo. banc 2009).

With Goldsby abandoning his claim for return of the coat, and with Goldsby declining to challenge the statute that specifically authorized the regulation of personal property by the DOC, it is impossible to see what remains for adjudication. There is nothing at stake here; there is no justiciable "case or controversy" involving 217.175 (because even if, hypothetically, the Supreme Court were to think that 217.175 were unconstitutional, it would make no practical difference). For one thing, Goldsby cannot get his coat back (having abandoned that claim). For another, section 217.197 would continue to fully authorize the DOC to adopt and enforce its regulations as to the possession of

similar personal items; the DOC could continue to do that, regardless of the validity of section 217.175. Finally, because of the foregoing factors, the assertions of Goldsby's Point II are moot. Because the matter is moot, it makes no difference whether the trial court "abdicated its judicial function," as Goldsby contends in his Point II.

Because there is nothing here to be decided, we dismiss this appeal as moot.