

# In the Missouri Court of Appeals
# Eastern District

DIVISION THREE

| | | |
|---|---|---|
| LINDA R. ZWEIFEL, | ) | No. ED100416 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | 09JE-DR00715-01 |
| | ) | |
| RANDALL ZWEIFEL, | ) | Honorable Lisa K. Page |
| | ) | |
| Appellant. | ) | FILED: May 20, 2014 |

OPINION

Randall Zweifel (Husband) appeals from a judgment of civil contempt regarding the enforcement of divorce decree provisions. This court dismisses Husband's claims because he has purged himself of the contempt by complying with the contempt order.

Factual and Procedural History

Husband and Linda R. Zweifel (Wife) were divorced in 2012. On February 4, 2013, Wife filed a motion for contempt alleging non-compliance with the parties' marital settlement agreement. Following a two-day trial, the trial court issued its contempt judgment on July 2, 2013, in which it required Husband to pay Wife $67,000 and $29,000 to satisfy a property settlement and resolution of a short sale on a piece of jointly owned real estate, respectively, under the marital settlement agreement. Husband was granted a credit of $21,000 for monies withdrawn by Wife from the business account and Husband was ordered to pay $75,000 plus interest and attorneys fees within a specified time in order to purge himself of the contempt. The

trial court also found that Wife was entitled to an additional $77,657.46 of the parties' 2012 profits emanating from their joint business prior to the divorce, but the trial court did not enforce that sum against Husband. The trial court stated in its judgment: "Because this was not part of the contempt citation for this hearing, this sum is not awarded to [Wife] at this time." The trial court also reserved judgment on other portions of Wife's motion for contempt.

Husband timely filed post-trial motions, which the trial court denied. On September 4, 2013, Wife acknowledged satisfaction of the judgment for $75,000 plus interest and dismissed without prejudice the remaining counts of her motion for contempt. Husband now appeals from the finding in the contempt judgment that he owes Wife an additional $77,657.46.

## Contempt Appeal Not Reviewable

In his appeal, Husband claims the trial court abused its discretion in finding that he owed Wife an additional $77,657.46 pursuant to a marital settlement agreement. While Husband concedes that the trial court included this finding as part of the contempt citation and did not enter an award for this disputed sum, Husband nevertheless contends he is entitled to appeal from this portion of the judgment to avoid any *res judicata* or collateral estoppel effect on his ability to challenge the finding in future proceedings.

Before reaching the merits of Husband's claims, this court must, *sua sponte*, determine whether it has jurisdiction over the claims raised on appeal. In re Marriage of Werths, 33 S.W.3d 541, 542 (Mo. banc 2000). Like other judgments, a contempt order must be final before it may be appealed. Emmons v. Emmons, 310 S.W.3d 718, 722 (Mo. App. W.D. 2010). Therefore, in order for this court to exercise its jurisdiction, there must be a final, appealable judgment. In re Crow and Gilmore, 103 S.W.3d 778, 780 (Mo. banc 2003). We examine whether the trial court's contempt order is appealable.

2

"The purpose of a civil contempt order is to compel compliance with the relief granted...." Emmons, 310 S.W.3d at 722. "A party held to be in civil contempt has two options: (1) purge [himself] of the contempt by complying with the court's order, making the case moot and unappealable; or (2) appeal the order, but only after the court's order is enforced by incarceration or otherwise." Lieurance v. Lieurance, 111 S.W.3d 445, 446 (Mo. App. E.D. 2003). Here, Husband chose the first option. The trial court's contempt order was issued for the purpose of compelling Husband to provide Wife with sums owed pursuant to a marital settlement agreement. Husband purged himself of the contempt by complying with the contempt order. The record shows that Husband satisfied the contempt portion of the trial court's judgment on September 4, 2013. "An appellate court will not review contempt proceedings where the contemnor has complied with the order or has purged" himself. Yeager v. Yeager, 622 S.W.2d 339, 343 (Mo. App. E.D. 1981).

Husband's point challenging the trial court's judgment finding him in civil contempt is not appealable and, therefore, is dismissed. The dismissal of Husband's appeal has no collateral estoppel effect on the remaining portions of the judgment not awarded or enforced as it did not result in a judgment on the merits.

Conclusion

Because there is no final appealable judgment, we lack jurisdiction and dismiss this appeal.

_____

Mary K. Hoff, Presiding Judge

Kurt S. Odenwald, Judge,
and Angela Turner Quigless, Judge, concur.