

# SUPREME COURT OF MISSOURI
# en banc

| | | |
|---|---|---|
| ARTHUR L. LEBEAU, JR., et al., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | No. SC94348 |
| | ) | |
| COMMISSIONERS OF FRANKLIN | ) | |
| COUNTY, MISSOURI | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
The Honorable Robert D. Schollmeyer, Judge

*Opinion issued March 31, 2015*

### Background

In 2012, the 96th Missouri General Assembly truly agreed to and finally passed House Bill No. 1171 (HB 1171), titled "[an act to] repeal sections 67.320 and 211.031, RSMo, and to enact in lieu thereof two new sections relating to courts." H.B. 1171, 96th Gen. Assemb., 2d Reg. Sess. (Mo. 2012). The legislation was subsequently signed into law by the governor. HB 1171, in part, amended section 67.320, permitting any first-class county within a certain population range to establish a county municipal court

division.[1]  *Id.*  HB 1171 also amended section 211.031 relating to proceedings in the juvenile and family divisions of the circuit court.  *Id.*

After HB 1171 became law, the Franklin County Commission entered a county order establishing a municipal court division pursuant to the amended section 67.320. Arthur LeBeau, Jr., and other residents and taxpayers of Franklin County (Taxpayers) sued the members of the commission, arguing that HB 1171's enactment violated the Missouri Constitution: namely, the original purpose provision of article III, section 21, and the single subject provision of article III, section 23.  As a result, they claimed the commission's order and the Franklin County Municipal Court Division itself were void. The trial court dismissed the amended petition, holding that Taxpayers did not have standing and that the suit was not ripe for judicial review.

On appeal of that judgment, this Court had jurisdiction pursuant to article V, section 3 of the Missouri Constitution because the case challenged the validity of a Missouri statute.  This Court held that Taxpayers had sufficiently established standing to challenge HB 1171 and that the suit was ripe for review because the petition alleged that funds to establish the Franklin County Municipal Court Division pursuant to the authority of the allegedly unconstitutional bill had already been expended.  *LeBeau v. Comm'rs of Franklin Cnty.*, 422 S.W.3d 284, 290-91 (Mo. banc 2014) (*LeBeau I*).

On remand to the trial court, Taxpayers offered no evidence other than a copy of this Court's opinion in *LeBeau I*.  They did not seek leave to amend their petition to include a challenge to SB 636, a bill enacted during the same legislative session as HB

---

[1] Franklin County is a first-class county and within the population range set out in the bill.

1171 and which contained an identical amendment to section 67.320 as that of HB 1171.[2] S.B. 636, 96th Gen. Assemb., 2d Reg. Sess. (Mo. 2012). Rather, as they did when the case was first tried, they continued to maintain that they only requested that the court address the constitutional validity of HB 1171. The trial court found that HB 1171's enactment did not violate constitutional prohibitions against multiple subjects and change of original purpose. It also held that Taxpayers' failure to challenge SB 636 rendered any ruling on HB 1171 an impermissible advisory opinion because the Franklin County Municipal Court Division could be established independently of the success of the suit, and, consequently, a ruling on HB 1171 would have no practical effect upon an existent controversy.

Taxpayers again appeal to this Court, invoking jurisdiction under article V, section 3 of the Missouri Constitution. After the trial court's ruling on remand but while the instant case was pending on appeal, the 97th Missouri General Assembly truly agreed to and finally passed, and the governor signed into law, Senate Bill No. 621 (SB 621). SB 621 repealed and reenacted section 67.320, including the language regarding establishment of a municipal court division. SB 621, 97th Gen. Assemb., 2d Reg. Sess. (Mo. 2014). Shortly after SB 621 became effective, the commissioners moved to dismiss this case as moot.

---

[2] In *LeBeau I* it was noted that, on remand, Taxpayers were free to seek leave to amend their petition to include a challenge to SB 636. 422 S.W.3d at 290 n.5.

**Taxpayers' Cause of Action is Moot**

Mootness implicates the justiciability of a controversy and is a threshold issue to appellate review. *State ex Rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). As a result, before addressing the merits of the appeal, this Court must first determine whether the case is moot due to the recent passage of SB 621, which repealed and reenacted section 67.320.

In that regard, the standard for mootness of a cause of action is set out in *Humane Society of United States v. State*:

> A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. When an event occurs which renders a decision unnecessary, the appeal will be dismissed. *And where an enactment supersedes the statute on which the litigants rely to define their rights, the appeal no longer represents an actual controversy, and the case will be dismissed as moot.*

405 S.W.3d 532, 535 (Mo. banc 2013) (emphasis added).

In *Humane Society*, the plaintiff challenged the validity of a statute by alleging the bill that amended the statute violated article III, section 21 of the Missouri Constitution. *Id.* at 534. In *Humane Society*, as in this case, the General Assembly subsequently repealed and reenacted the statute that was the basis of the plaintiff's challenge; as a result, the trial court determined the cause of action was moot. *Id.* On appeal, the plaintiff urged this Court to hold instead that procedural defects follow a statute through repeal and reenactment. *Id.* at 536. That argument was rejected, however, and this Court held that once the General Assembly repealed the statute on which the litigants relied, the "basis for deciding the constitutionality of that statute evaporated." *Id.*

4

*Humane Society* is dispositive of this case. The 2014 repeal and reenactment of section 67.320 in SB 621 renders Taxpayers' challenge to HB 1171 moot. Section 67.320 as amended by HB 1171 is the authority "on which the litigants rely to define their rights." *Humane Society*, 405 S.W.3d at 535. Section 67.320 as amended by SB 621 now supersedes section 67.320 as amended by HB 1171. Taxpayers' appeal no longer represents an actual controversy, and the case is dismissed as moot.[3]

## Conclusion

The cause of action is moot, and the appeal is dismissed.

_____
Mary R. Russell, Chief Justice


All concur.

---

[3] While this appeal was pending, several motions were filed and taken with the case, all of which are either overruled or rendered moot by the disposition in this opinion. In particular, Taxpayers' motion opposing the commission's appointment of private counsel to represent them in this case is overruled. *See* section 56.670, RSMo 2000 (county commission may appoint a private attorney in lieu of or in addition to the county counselor). Similarly, Taxpayers' "Motion to Strike SB 621 as Unconstitutional" is overruled. A constitutional challenge to SB 621 is an entirely new cause of action that must be raised first in the trial court.