

# Missouri Court of Appeals

## Southern District

### Division One

In Re the Marriage of: )
DANA R. BOOKER and )
JAMES D. BOOKER, )
)
DANA R. BOOKER, )
       Petitioner-Respondent, ) No. SD34213
) Filed: September 29, 2016
v. )
)
JAMES D. BOOKER, )
)
       Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Kelly W. Parker, Circuit Judge

### **APPEAL DISMISSED**

James Booker (Husband) appeals from a judgment of contempt and order of commitment for failing to make payments to Dana Booker (Wife) as required by the parties' October 2012 dissolution decree (the decree). For reasons that follow, we conclude this case is moot and dismiss the appeal.

The decree ordered Husband to make certain payments and comply with other terms within 180 days. Husband did not do so. In mid-May 2013, Wife filed a motion for

contempt for failure to perform the terms of the decree. In August 2015, the court conducted a hearing on the contempt motion and received testimony from both parties.[1]

On September 9, 2015, the trial court filed its judgment of contempt and order of commitment (the contempt judgment). The contempt judgment contained a specific finding that Husband had the present ability to satisfy the terms of the decree.[2] The court determined that Husband was in contempt of the decree, but the order of commitment was stayed to allow Husband to purge himself of the contempt by paying the sum of $125,252.59 by November 10, 2015.[3] The court further ordered:

> If [Husband] fails to do so, he shall report to the Crawford County Jail at 9:00 a.m. on November 10, 2015 where he is ordered committed until such time as he shall purge his contempt as set forth herein. If [Husband] fails to report, a writ of body attachment shall be issued without further notice to [Husband]. [He] shall remain in the Crawford County Jail until he pays $125,252.59 to [Wife]. [Husband] may purge his contempt herein by other suitable arrangement with [Wife] approved by the court.

Husband failed to pay the first sum by November 10, 2015 and a hearing was held that same day. The court ordered Husband committed to the Crawford County Jail until such time as he purged himself of his contempt. The court also set bond at $125,252.59, the amount he should have paid by November 10, 2015. Husband was incarcerated as of that date. He filed his notice of appeal from the contempt judgment on November 12, 2015.

---

[1] The delay between the filing and hearing of the contempt motion was due, in part, to Husband's bankruptcy filing. In that proceeding, he attempted to have his obligations to Wife under the decree discharged. The bankruptcy court denied Husband's request for a discharge of those obligations.

[2] The court found that Husband "never intended nor attempted to satisfy any part of [the decree and] has no intention of voluntarily paying any part of [the decree] in the future." Husband's testimony that he did not have the ability to comply with the decree was described as "unconvincing" by the court.

[3] Husband also was ordered to pay $246,141.98 by March 22, 2016.

On December 4, 2015, Husband filed a "Motion to Modify Excessive Bond Conditions" (motion to modify) with the trial court. Therein, Husband requested his "release from incarceration[,]" provided he comply with several proposed conditions "for purposes of satisfying [the contempt judgment.]" On December 7, 2015, the court granted Husband's motion to modify by docket entry. The court ordered that Husband be released from incarceration "on condition that [Husband] fully comply with all conditions and agreements set forth in his [motion to modify.]" The docket entry specified:

> The court orders the Circuit Clerk to pay out the $5,000.00 posted by [Husband] to [Wife] and her attorney.[4] As further condition [Husband] has agreed that paragraph 17 of the [motion to modify] be amended to require [Husband] to cause to be sold the real estate located at 3958 Hwy. 19, Cuba, MO. [Husband] shall pay over to [Wife] any sums realized by the sale of said real estate. As a further condition of the stay herein, the court orders [Husband] to cause a wage withholding to be in effect in accordance with paragraph 25A, B, and C [concerning payments on real estate until sold and on a loan from his pension plan] of his [motion to modify]. Qualified Domestic Relations Order concerning [Husband's 401(a)] is signed and filed this date.

Husband was released from incarceration December 7, 2015. Subsequent docket entries list payments and compliance with the conditions as ordered in the above docket entry. Husband's continued prosecution of this appeal followed.

Presenting three points for decision, Husband challenges certain findings made by the trial court in the contempt judgment. Wife argues, *inter alia*, the appeal is moot because Husband is currently making the payments he proposed and purging himself of contempt. We agree with Wife that this appeal is moot.

---

[4] As an initial effort to satisfy the contempt judgment, Husband's attorney had deposited $5,000 into the registry of the court on December 1, 2015, while Husband was incarcerated.

3

An appeal is moot when the question presented for determination would not have any practical effect upon an existing controversy. ***State ex rel. Reed v. Reardon***, 41 S.W.3d 470, 473 (Mo. banc 2001). In deciding whether a case is moot, an appellate court is allowed to consider subsequent events and matters outside the record. ***Reardon***, 41 S.W.3d at 473; ***Medlin v. RLC., Inc.***, 194 S.W.3d 926, 930 (Mo. App. 2006).

"As a general rule, when a party voluntarily pays a judgment, the party may not appeal from that judgment." ***In Re Bell***, 481 S.W.3d 855, 867 (Mo. App. 2016); *see* ***Braveheart Real Estate Co. v. Peters***, 157 S.W.3d 231, 233-34 (Mo. App. 2004) (voluntary compliance effectively concedes the correctness of the judgment, thereby rendering the appeal moot). This general rule applies to a contempt judgment. In ***Mozingo v. Mozingo***, 779 S.W.2d 284 (Mo. App. 1989), the husband was found in contempt for failure to comply with a dissolution decree. "He was committed to jail, but was later released, and complied with the decree. On his complying with the court's order the judgment finding him in contempt became moot and is unappealable as he had purged himself of contempt." ***Id***. at 285. As noted in ***Hamilton v. Hamilton***, 661 S.W.2d 82 (Mo. App. 1983), the submission of an approved payment plan to purge a party of contempt also renders an appeal from a contempt judgment moot. ***Id***. at 83.

One alternative provided in the contempt judgment for Husband to purge himself was "by other suitable arrangement with [Wife] approved by the court." At Husband's request, the court modified the bond conditions to allow Husband to purge himself of contempt. Subsequent docket entries demonstrate that Husband has been making payments and complying with the conditions he proposed. Because Husband is voluntarily satisfying the contempt judgment and purging himself of contempt, his appeal from the contempt judgment is moot. *See* ***Zweifel v. Zweifel***, 431 S.W.3d 559, 560-61 (Mo. App. 2014)

4

(because husband purged himself of the contempt by complying with the contempt judgment, that judgment is "not appealable"); ***STL Capital Mgmt., LLC v. Brda***, 207 S.W.3d 649, 652 (Mo. App. 2006) (because appellants complied with the contempt judgment, their appeal was moot); ***Vinson v. Vinson***, 191 S.W.3d 85, 87 (Mo. App. 2006) (because wife complied with the contempt judgment, her appeal was moot); ***Lieurance v. Lieurance***, 111 S.W.3d 445, 446 (Mo. App. 2003) (party purging himself of contempt by complying with the court's order makes "the case moot and unappealable"); ***Brock v. Brock***, 936 S.W.2d 882, 888-89 (Mo. App. 1997) (although wife was found in contempt and jailed for failure to execute documents as required by the dissolution decree, her appeal was moot because she purged herself of contempt by signing the documents after her release from jail).[5]   Accordingly, Husband's appeal from the contempt judgment is dismissed as moot.

JEFFREY W. BATES, P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR

---

[5] We find no merit in Husband's two contrary arguments that:  (1) his payments are involuntary; and (2) his payment plan also functionally operates as a per diem fine. "Satisfying a judgment to avoid a finding of contempt does not render payment involuntary."  ***Bell***, 481 S.W.3d at 867 n.14; ***Braveheart***, 157 S.W.3d at 234; *see also* ***Southern Mo. Dist. Council of the Assemblies of God, Inc. v. Kirk***, 334 S.W.3d 599, 603 (Mo. App. 2011).  Husband is voluntarily making payments to Wife in accordance with a schedule that he proposed and the court approved.  We also reject the notion that Husband's payments to Wife to satisfy monetary obligations imposed by the decree constitute a per diem fine.  Husband's motion to modify, his subsequent payments, and compliance with his own proposals all show he is voluntarily doing these things, in his own words, "for purposes of satisfying [the contempt judgment]" against him.