

# In the Missouri Court of Appeals
## Eastern District

**DIVISION ONE**

| | | |
|---|---|---|
| WMAC 2013, LLC, | ) | No. ED112972 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Richard Stewart |
| THE METROPOLITAN ST. LOUIS | ) | |
| SEWER DISTRICT, | ) | |
| | ) | |
| Respondent. | ) | FILED: May 20, 2025 |

WMAC 2013, LLC, ("WMAC") appeals from the circuit court's judgment which quieted title to certain real property in favor of WMAC but subject to a lien for sewer charges in favor of Metropolitan Sewer District ("MSD"). WMAC argues the circuit court erred in concluding the title was subject to the lien because MSD's lien survived the tax sale. However, because the lien was satisfied in full while the case was pending in this Court, we find the case to be moot. We also conclude the case does not fall within any exception to the mootness doctrine. We therefore dismiss the appeal.

### *Factual and Procedural Background*

This appeal stems from a quiet title action. The real property that is the subject of the action is located in St. Louis County, Missouri, and is commonly known as 131 McAlpine Drive,

Saint Louis, Missouri, 63137. ("Property").[1] A collector's deed conveyed the property to WMAC's predecessor in interest (WMAC 2014, LLC), recorded October 11, 2022. WMAC's predecessor in interest in turn conveyed the property to WMAC by special warranty deed, recorded October 19, 2022.

The circuit court entered judgment following a bench trial, quieting title in favor of WMAC, subject to a lien in favor of MSD in the amount of $76.99, as of the date of the collector's deed, October 11, 2022.

WMAC appealed, setting out two points of alleged circuit court error. WMAC first alleges the circuit court misapplied the law by concluding the MSD lien survived the tax sale. For its second point, WMAC alleges the circuit court misapplied the law in failing to take judicial notice of MSD being a special improvement district who must redeem prior to foreclosing its lien under Section 140.380.2, in that MSD's failure to first redeem renders the claim an unenforceable cloud on the property. WMAC requests this Court "reverse, remand, or otherwise provide relief in favor of Appellant granting quiet title free and clear of any claimed MSD lien...."

On February 19, 2025, while this case was pending in this Court, MSD filed a motion to dismiss the appeal as moot, averring it received a payment that satisfied in full the sewer lien balance at issue in this matter. Attached to MSD's motion was its Disclaimer of Interest, which was also filed in the circuit court. In that disclaimer, MSD noted the amount of the lien as of trial was $76.99. MSD stated the said lien had been satisfied in full, through the date of the collector's deed, via a payment made on or about September 24, 2024, which was nearly four months after

---

[1] The legal description of the property is:

> Lot 8 in Block 25 of Glasgow Village Unit No. 11, a subdivision in Saint Louis County, Missouri, according to the plat thereof recorded in Plat Book 65, Pages 10 and 11 of the Saint Louis County Records.

the circuit court's judgment. Thus accordingly, MSD stated it: "waives its interest in the property through and including the date of said collector's deed, October 11, 2022."

This Court ordered WMAC to file a response, noting the existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). WMAC thereafter filed Suggestions in Opposition, contending both that MSD's motion lacked evidentiary support, and, alternatively, that the public-interest exception to mootness applies in this matter. We ordered MSD's motion to dismiss taken with the case. We now grant the motion.

### *Discussion*

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (internal quotation omitted). "We have an obligation to determine whether the case presents a real, substantial, presently-existing controversy, or is instead moot." *Friends of the San Luis, Inc. v. Archdiocese of St. Louis*, 312 S.W.3d 476, 483 (Mo. App. E.D. 2010) (internal quotation omitted). It is well-settled that Missouri courts do not determine moot cases or render advisory opinions. *Id*. "Appellate courts do not sit as moot courts determining speculative issues for the benefit of some other case at some other time." *Id*. (internal quotation omitted). This Court does not decide questions of law disconnected from the granting of actual relief. *Id*.

A moot case raises the issue of justiciability. *Reardon*, 41 S.W.3d at 473. A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose." *St. Louis Police Leadership Org. v. St. Louis Bd. of Police Commissioners*, 465 S.W.3d 501, 506 (Mo. App. E.D. 2015) (internal quotation omitted). "In terms of justiciability, a cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the

judgment was rendered, would not have any practical effect upon any then existing controversy." *Reardon*, 41 S.W.3d at 473 (internal quotation omitted). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Id.* "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.; Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo. App. E.D. 2003). "Even a case vital at inception of the appeal may be mooted by an intervening event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." *Reardon*, 41 S.W.3d at 473; *Friends of the San Luis,* 312 S.W.3d at 483; *City of Manchester v. Ryan*, 180 S.W.3d 19, 21-22 (Mo. App. E.D. 2005).

Such is the case here. Satisfaction of the lien is an intervening event that has rendered the controversy between WMAC and MSD moot. WMAC solely contests the circuit court's judgment that title to the property was subject to a lien in favor of MSD. Even if we were to decide the circuit court erred, it is impossible for this Court to grant any effectual relief. WMAC requests this Court "reverse, remand, or otherwise provide relief in favor of Appellant granting quiet title free and clear of any claimed MSD lien...." But the lien has been extinguished by satisfaction of payment and MSD has disclaimed any lien interest in the property as of the date of the collector's deed. An actual and vital controversy susceptible of some relief does not exist here. The title is already free and clear of any claimed MSD lien, as of the date of the collector's deed. The focus of our inquiry is whether this Court could grant effectual relief to the parties. *Kinsky*, 109 S.W.3d at 196. Here no relief could be effected and the controversy is moot. Any opinion by this Court would merely be a hypothetical opinion.

WMAC argues this case falls within an exception to the mootness doctrine, providing this Court with discretionary jurisdiction that should be invoked and exercised in WMAC's favor. "As

a general rule, moot cases must be dismissed." *Friends of the San Luis*, 312 S.W.3d at 484. "Missouri, however, recognizes two narrow exceptions to this general rule under which the Court may exercise its discretion to hear the appeal and reach the merits of a moot case. *Id.* First, this Court may consider the appeal if the case becomes moot after it has been argued and submitted. *Id.* Second, this Court may consider the appeal if the case presents "an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction." *Id.* (internal quotation omitted). This second, "public-interest" exception is construed very narrowly. *Id.* "If an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of appellate review, then the public-interest exception does not apply." *Id.*

This case does not fall within either of these narrowly construed exceptions. First, this case became moot prior to, not after, submission to this Court. Second, we do not perceive any reason why the issues raised in this case would escape appellate review in any future live controversy. WMAC recognizes that a similar case involving a St. Louis City tax sale extinguishing a MSD lien is currently pending before this Court. WMAC also acknowledges that it has named MSD as a party to many quiet-title cases since 2021, due to the existence of some claimed MSD delinquency. We further note the case *WMAC 2013, LLC v. Keys, et. al*, ED113312, that is currently before this Court. The case involves the same parties – WMAC and MSD – involved in this appeal, and the issues raised on appeal are identical to the ones raised in this appeal. There is no unsettled legal issue that will escape review to justify this Court reaching the merits of a moot case.[2]

---

[2] In fact, we note MSD's lien rights were addressed in *Zweig v. MSD*, 412 S.W.3d 223 (Mo. banc 2013) and the issue of whether a sewer lien survives a tax sale was addressed in *Eclipse Property Dev. LLC v. Fareed Ammari, et al.*, 635 S.W.3d 205 (Mo. App. E.D. 2021).

## *Conclusion*

Because this case is moot and because no exception to the mootness doctrine applies, the appeal should be, and is, dismissed.

_____
Angela Turner Quigless, J.

James M. Dowd, P.J., and
Cristian M. Stevens, J., concur.

6