

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| IN THE INTEREST OF: A.J.K. | ) | No. ED112633 |
| | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| | ) | |
| | ) | Honorable Barbara T. Peebles |
| | ) | |
| | ) | FILED: September 23, 2025 |

A.J.K. appeals the juvenile court's order transferring him to a court of general jurisdiction for prosecution under the general laws. He contends the juvenile court lacked jurisdiction to enter the order and asks this Court to remand the case to the circuit court. But providing the relief A.J.K. seeks would have no practical effect in this case because he is already under the circuit court's jurisdiction. Therefore, we dismiss the appeal as moot.

## Background

The juvenile officer filed a petition alleging that, pursuant to section 211.031.1(3),[1] A.J.K. came within the juvenile court's exclusive jurisdiction because he had committed various criminal offenses when he was less than 18 years old. The juvenile court held a hearing pursuant to section 211.071 and entered an order dismissing the petition and transferring jurisdiction over A.J.K. to the circuit court for prosecution as an adult ("the first certification order"). A.J.K. did not appeal

---

[1] All statutory references are to RSMo (Cum. Supp. 2023).

the first certification order. Thereafter, the circuit attorney for the City of St. Louis charged A.J.K. by complaint. After the circuit court dismissed the complaint without prejudice for failure to prosecute, the circuit attorney filed an indictment against A.J.K.

While the indictment was still pending, the juvenile officer filed another petition in the juvenile court, again alleging that A.J.K. came within that court's exclusive jurisdiction pursuant to section 211.031.1(3). At his detention hearing on that petition, A.J.K. argued the juvenile court no longer had jurisdiction over him because, by virtue of the first certification order, he was still under the jurisdiction of the circuit court. In response, the juvenile officer maintained that jurisdiction remained in the juvenile court, stressing that the charges brought against A.J.K. pursuant to the first certification order did not result in a conviction, which is required to terminate the juvenile court's jurisdiction under section 211.071.9.[2] Characterizing the first certification order as "negated," the juvenile officer asserted that A.J.K. needed to be recertified before the circuit attorney could continue prosecuting him as an adult in circuit court, claiming that another judge, who was presiding over a different case in the circuit, had concluded that a second certification was required under similar circumstances. The juvenile officer also represented that the circuit attorney intended to dismiss the indictment so that A.J.K. could be recertified, and the circuit attorney did so the day after the detention hearing.

---

[2] Section 211.071.9 states:

> When a petition has been dismissed thereby permitting a child to be prosecuted under the general law and the prosecution of the child results in a conviction, the jurisdiction of the juvenile court over that child is forever terminated, except as provided in subsection 10 of this section, for an act that would be a violation of a state law or municipal ordinance.

Section 211.071.10 states:

> If a petition has been dismissed thereby permitting a child to be prosecuted under the general law and the child is found not guilty by a court of general jurisdiction, the juvenile court shall have jurisdiction over any later offense committed by that child which would be considered a misdemeanor or felony if committed by an adult, subject to the certification provisions of this section.

2

The juvenile court concluded it still had jurisdiction over A.J.K., reasoning that the first certification order transferring jurisdiction to the circuit court was "rendered a nullity" when the charges brought pursuant to that order did not result in a conviction. After conducting another hearing pursuant to section 211.071, the juvenile court entered an order dismissing the juvenile officer's second petition and again transferring jurisdiction of A.J.K. to the court of general jurisdiction for prosecution as an adult ("the second certification order"). It is from the second certification order that A.J.K. appeals.

**Discussion**

"Mootness implicates the justiciability of a controversy and is a threshold issue to appellate review." *LeBeau v. Comm'rs of Franklin Cnty.*, 459 S.W.3d 436, 438 (Mo. banc 2015). Although this Court may decide the question of mootness *sua sponte*, we directed the parties to show cause why this appeal should not be dismissed as moot. *See D.C.M. v. Pemiscot Cnty. Juv. Off.*, 578 S.W.3d 776, 780 & n.4 (Mo. banc 2019). In response, the juvenile officer agreed the appeal is moot and should be dismissed. A.J.K., while denying it is moot, urged the Court to review the merits under the public interest exception to the mootness doctrine. We conclude the appeal is indeed moot and that the exception does not apply.

"When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* at 780 (internal quotation marks and citation omitted). An appeal is moot "when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then[-]existing controversy." *Id.* (internal quotation marks and citation omitted). Here, the appeal has been moot since its inception because the ruling and relief A.J.K. seeks from this Court would have no practical effect in this case.

A.J.K. has never challenged the merits of the juvenile court's decision—in either of its certification orders—to certify him as an adult and transfer him to the jurisdiction of the circuit court. Rather, A.J.K.'s position on appeal is that he indeed belongs under the jurisdiction of the circuit court, but by virtue of the first, not the second, certification order. In his view, the first certification order was still an effective basis for the circuit court's jurisdiction over him—even after the charges were dismissed—and, therefore, the juvenile court lacked jurisdiction to enter the second certification order. A.J.K. requests that we vacate the second certification order and remand the matter *to the circuit court* for further proceedings. But granting A.J.K. that relief would have no practical effect because he is *already under the circuit court's jurisdiction* and, by his own logic, that is where he should be. He has "secured the very relief" he seeks on appeal, so there is no need for this Court to grant him that relief. *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 746 (Mo. App. E.D. 2016) (finding that appeal seeking to remove suspension from appellant's driving record was moot because the suspension had already been expunged); *see also WMAC 2013, LLC v. Metro. St. Louis Sewer Dist.*, 714 S.W.3d 457, 460 (Mo. App. E.D. 2025) (finding that appeal was moot because the issue involved a lien that had already been extinguished).

A decision as to which certification order—the first or the second—gave the circuit court jurisdiction over A.J.K. would have no practical effect in this case. A.J.K. posits that answering the question would provide "effectual relief" by ending his prosecution "under the general law," claiming that "the circuit court apparently will not proceed" on the basis of the first certification order alone. We disagree that a ruling by this Court would end his prosecution. If we were to conclude—as A.J.K. argues on appeal—that the first certification order was not rendered a nullity by the dismissal of charges and, therefore, jurisdiction over him remained in the circuit court, then he would be subject to prosecution as an adult by virtue of the first certification order. If, on the

4

other hand, we were to determine the first certification order was indeed null and that recertification was needed for the circuit court to have jurisdiction, then A.J.K. would be subject to prosecution as an adult by virtue of the second certification order. Under either disposition, A.J.K. is subject to the jurisdiction of the circuit court and prosecution as an adult under the general laws. As such, any opinion by this Court on the merits of A.J.K.'s position on appeal would be merely advisory. *See WMAC 2013*, 714 S.W.3d at 460.

A.J.K. argues that such an opinion is nevertheless warranted under the public interest exception to the mootness doctrine. Under this "narrow" exception, an appellate court "can exercise its discretion to decide the case on the merits if . . . the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review." *D.C.M.*, 578 S.W.3d at 780-81 (internal quotation marks and citation omitted). According to A.J.K., because "dismissal of cases occurs on a regular basis," the question of whether a juvenile defendant needs to be recertified after each dismissal is likely to recur. He contends this issue impacts "the allocation of judicial resources" and the timely resolution of juvenile cases, maintaining that "[t]he public interest in speedy resolution of these cases is obvious, and clarity for all participants in the judicial process is important." And the issue will evade appellate review, A.J.K. claims, because it "will never be present under different circumstances" and therefore will always be moot. It is purely speculative to assert that the issue could *never* arise under circumstances that would render it capable of review. We do not believe the exception applies and decline to exercise any discretion thereunder to review this appeal.[3]

---

[3] As a result, we have no jurisdiction to grant the alternative relief requested in A.J.K.'s response to the show cause order, namely, directing the juvenile court to vacate the second certification order on the ground that certification itself was a moot question when the court entered that order.

5

**Conclusion**

For the foregoing reasons, the appeal is dismissed.

_____
MICHAEL E. GARDNER, Judge

Robert M. Clayton III, P.J., concurs.
Lisa P. Page, J., concurs.